## ED CHEVES v. THE STATE.

No. 4419.    Decided October 3, 1917.

**Occupation—Non-intoxicating Malt Liquors—Failure to Pay Taxes.**

Where, upon trial of engaging in the business of selling non-intoxicating malt liquors without payment of taxes, the evidence failed to show that the liquid sold was a non-intoxicating malt liquor, and that defendant was engaged in the business of selling said liquor at any definite time, the conviction could not be sustained.

Appeal from the County Court of Young.    Tried below before the Hon. W. P. Stinson.

Appeal from a conviction of engaging in the business of selling non-intoxicating malt liquors without payment of taxes; penalty, a fine of one hundred dollars.

The opinion states the case.

No brief on file for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—Appellant was convicted of engaging in the business of selling non-intoxicating malt liquors without payment of taxes.

The prosecution was under chapter 7, P. C.    It appears that appellant conducted a cold-drink business in Young County and that the sale of intoxicating liquors was prohibited by law, and that appellant had not paid any taxes for the selling of non-intoxicating malt liquors. The State's witnesses were the sheriff of the county, the constable of the precinct and the city marshal of the town in which appellant conducted his business.

The sheriff testified that he had obtained from appellant two bottles labeled "Teddy Beer," which were introduced in evidence; that these bottles were not purchased, but were taken from a barrel probably two-thirds full of like bottles; that there were other barrels in appellant's place of business, but witness did not know what they contained; that he did not drink any of the liquid and had no knowledge as to whether it was intoxicating or non-intoxicating; that it was not taken from the ice box from which appellant was selling drinks to his trade; that he had on several occasions seen the appellant sell drinks which he thought bore the same label "Teddy Beer" but was uncertain as to that and that he was unable to state when any of the sales were made.

The constable stated that appellant sold stuff that looked like beer, coca-cola, cider, soda water and mackerel; that he drank in the course

of three months three bottles of stuff that looked like beer and tasted like beer; that he did not buy it, that appellant gave it to him; that he had drunk beer in similar quantities and that neither the stuff bought from appellant nor the beer which he had bought from other sources produced intoxication; that he had seen him sell similar stuff to that which he gave the witness but had no recollection as to when the sales were made. He also stated that he would not say whether the liquid which appellant gave him and which he drank was intoxicating or non-intoxicating.

The city marshal testified that he had never drunk any of the "Teddy Beer" and had never seen appellant sell it; that appellant had several barrels in his place of business but he did not know what they contained.

This evidence, we think, is insufficient to sustain conviction. It fails to show that the liquid labeled "Teddy Beer" was a non-intoxicating malt liquor, and fails to show that he was engaged in the business of selling said liquor at any time definitely fixed by the evidence.

The judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*